**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0459-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON WILLIAMS,

    Defendant-Appellant.

Submitted February 26, 2024 – Decided March 5, 2024

Before Judges Sabatino and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-05-1543.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jason Williams pled guilty in 2007 to third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). Pursuant to the plea agreement, the trial court sentenced him to two years' probation and various fines. In 2018, the federal government initiated removal proceedings against defendant, a native of Guyana, because his drug conviction subjected him to mandatory deportation.

In March 2020, defendant filed a petition for postconviction relief ("PCR") with the trial court. In his petition, defendant contends he received ineffective assistance of his plea counsel because counsel allegedly gave him affirmative mis-advice about the immigration consequences of his guilty plea. He also contends his lawyer failed to advise him about his ability as a first-time offender to apply for pretrial intervention ("PTI").

On July 7, 2022, the trial court rejected defendant's PCR petition and his motion to withdraw his guilty plea, doing so without an evidentiary hearing. Defendant appeals that determination. He argues in his brief:

> POINT ONE
>
> MR. WILLIAMS IS ENTITLED TO AN EVIDENTIARY HEARING OR RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY AFFIRMATIVELY MISADVISING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA AND FAILING TO ADVISE HIM ABOUT PTI.

MR. WILLIAMS'S GUILTY PLEA MUST BE SET ASIDE OR THE MATTER REMANDED FOR AN EVIDENTIARY HEARING.

Defendant seeks a remand for an evidentiary hearing. The State consents to such a hearing, mainly because the trial court did not correctly apply the controlling case law under State v. Nuñez-Valdez, 200 N.J. 129 (2009).

Because the parties agree that an evidentiary hearing is warranted, we remand this matter to the trial court to conduct the hearing. The scope of the hearing shall encompass both the immigration mis-advice claim and the PTI claim. The question of whether defendant's guilty plea may be withdrawn shall abide the disposition of the ineffectiveness issues.

We do not retain jurisdiction. Depending on the outcome of the remand, either party may file a new appeal, or a motion for leave to appeal, as may be appropriate.

Remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0459-22